IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

In re:

LEROY OLEN DICKSON,            CASE NO. 23-10646-JCO
                                                    CHAPTER 13

Debtor.

## MEMORANDUM OPINION AND ORDER

This matter came before the Court on the Debtor's Objection to the Amended Proof of Claim (ECF Claim No. 3-2) filed by Tyndall Federal Credit Union ("Tyndall") and the Response. (Docs.40, 43). Proper notice of hearing was given and appearances were noted on the record. Upon consideration of the pleadings, record, and arguments of counsel, this Court finds that the Debtor's Objection to Tyndall's Amended Claim is due to be OVERRULED for the reasons below.

### JURISDICTION

This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§1334 and 157, and the Order of Reference by the District Court dated August 25, 2015. This is a core proceeding under 28 U.S.C.§157(b)(2)(A) and (b)(2)(B).

### FACTS

The Debtor, Leroy Olen Dickson, filed Chapter 13 bankruptcy on March 22, 2023. Tyndall filed a timely proof of claim (ECF Claim No. 3-1) on April 14, 2023, evidencing its security interest and lien on a 2020 Wildwood RV ("RV") with an outstanding indebtedness of $23,390.12

1

owed by the Debtor. The Debtor's Chapter 13 Plan proposed to surrender the RV to Tyndall and stated in pertinent part, "...any secured claim submitted by the creditor will receive no distribution under the plan until the creditor files an amended proof of claim reflecting any deficiency after disposition of the collateral." (Doc. 2 at 4). Tyndall sought and obtained relief from the automatic stay to repossess the RV on May 15, 2023. Neither the Plan nor the Order granting relief required Tyndall to file its deficiency claim by a specified date. On June 28, 2025, Tyndall amended its claim (ECF Claim No. 3-2) to reflect an unsecured deficiency balance of $7,615.12 after disposition of the RV. The Debtor objected to the amended claim alleging that it was untimely and too high. At the hearing, Debtor's counsel limited his objection to the untimeliness of the claim amendment and did not offer evidence to contest the deficiency amount. Tyndall's counsel argued that his client retained the right to amend its claim during the pendency of the case.

## ANALYSIS

A proof of claim executed and filed in accordance with the rules constitutes prima facie evidence of the validity and amount of the claim. *Fed. R. Bankr. P. 3001(f)*. Amendments to claims are freely allowed where the purpose is to cure a defect in the claim as originally filed, to describe the claim with greater particularity, or to plead a new theory of recovery on the facts set forth in the original claim. *In re S. Atl. Fin. Corp.,* 767 F.2d 814, 819 (11th Cir. 1985); *In re International Horizons, Inc.*, 751 F.2d 1213, 1216 (11th Cir.1985). There is no deadline in the Bankruptcy Code or Rules after which amendment of a claim is prohibited. *In re Galindez*, 514 B.R. 79, 93 (Bankr. D.P.R. 2014). The decision to grant or deny an amendment to a timely filed proof of claim "rests with the sound discretion of the bankruptcy court." *In re Lorenzo*, 2015 WL 4537792, at 7 (B.A.P.

1st Cir. 2015), aff'd sub nom, 2016 WL 1275015, 637 F. App'x 623 (1st Cir. 2016); see also *In re Ruiz Martinez*, 513 B.R. 779, 785 (Bankr. D.P.R. 2014).

With regard to amended claims, courts have employed *Federal Rule of Civil Procedure 15(c)*'s relation-back standard, of whether the amended claim arises out of the same transaction or occurrence, to determine whether a claim is a new claim. *In re Baker*, 2015 WL 13049756(Bankr. S.D. Fla. May 5, 2015); see also, *Gens v. Resolution Tr. Corp.*, 112 F.3d 569, 575 (1st Cir.1997); *In re Enron Corp.*, 419 F.3d 115, 133 (2d Cir.2005); *In re Stavriotis*, 977 F.2d 1202, 1204 (7th Cir.1992); *In re Blue Diamond Coal Co.*, 147 B.R. 720, 725 (Bankr.E.D.Tenn.1992), aff'd, 160 B.R. 574 (E.D.Tenn.1993); *In re Ayres-Haley*, No. 2008 WL 163580 (Bankr. E.D. Va. Jan. 16, 2008). Unsecured deficiency claims are generally considered to be amended, and not new, claims because they arise out of the same transaction or occurrence as the secured claim. *In re Baker* at 4 (Bankr. S.D. Fla. May 5, 2015)(citing *In re Channakhon*, 465 B.R. 132, 142 (Bankr. S.D. Ohio 2012); *In re Spurling*, 391 B.R. 783, 786 (Bankr. E.D. Tenn. 2008).

Courts considering whether to allow an amended proof of claim have also employed a two-part test evaluating: (1) if a timely similar claim was asserted against the bankruptcy estate by a prior formal proof of claim or informal proof of claim; and (2) if it is equitable to permit the amendment. *In re Landron*, 2023 WL 1460543 (Bankr. D.P.R. Feb. 1, 2023)(citing Keith M. Lundin & William H. Brown, *Chapter 13 Bankruptcy, 4th Edition, § 284.1*, at ¶ [3], Sec. Rev. May 5, 2010). This court has noted previously that the following factors are often considered: (1) whether the debtor and creditors relied on the earlier proof of claim or had reason to know that a subsequent proof of claim would be filed; (2) whether other creditors would receive a windfall if the court refused to allow amendment; (3) whether the claimant intentionally or negligently delayed in filing the amendment; (4) the justification for the failure to file for an extension to the

3

bar date; and (5) whether other equitable considerations compel amendment. *In re Conley*, No. 23-10689-JCO, 2025 WL 1870657, at 2 (Bankr. S.D. Ala. July 7, 2025)(*citing United States v. Int'l Horizons, Inc.*, 751 F.2d 1213, 1218 (11th Cir.1985); *In re Jones*, 219 B.R. 631, 634 (Bankr. M.D. Fla. 1998); *In re National Merchandise*, 206 B.R. 993 (Bankr. M.D. Fla 1997); *In re Miss Glamour Coat Co., Inc.*, 46 A.F.T.R.2d 80-6083, USTC § 9737, 1980 WL 1668 (S.D.N.Y.1980).

Here, the totality of the circumstances warrants allowance of Tyndall's deficiency claim. It is undisputed that Tyndall's initial claim was timely filed. The Amended Claim reflects that it is based on a deficiency balance on the same collateral as the initial claim, references the same account, and provides an itemization of the amount remaining due on the RV loan. It is clear that the amended claim arises out of the same transaction or occurrence as the initial claim, i.e., the promissory note with the Debtor. Thus, this Court agrees with the reasoning of the decisions employing Federal Rule of Civil Procedure 15(c)'s relation-back standard in finding that unsecured deficiency claims are generally considered to be amended, and not new, claims.

Additionally, the totality of the circumstances warrant allowing the Amended Claim. The Debtor's arguments that Tyndall's amended claim should be disallowed as untimely and inequitable is not persuasive for several reasons. First, the Debtor's Chapter 13 Plan contemplates the filing of an amended claim and it provides that ". . . any secured claim submitted by the creditor will receive no distribution under the plan until the creditor files an amended proof of claim reflecting any deficiency after disposition of the collateral . . ." Such provision reflects that Debtor is aware of the potential for a deficiency claim and informs the Creditor of the manner in which to proceed to receive payment under the Plan. Although the Debtor contends that Tyndall waited too long to file their deficiency claim, neither the plan language nor the Order granting relief from the automatic stay required the amended claim to be filed by a date certain. Although the Court

4

recognizes that in some instances when a case is nearing completion, allowance of an amended claim and modification of the Debtor's plan may be precluded, that is not the situation here, as over two years are left in the case to payout the claims. Also, as the Debtor's plan pays 100% to unsecured creditors, based on equity in property on the filing date, disallowance of Tyndall's deficiency claim would result in disparate treatment with other creditors receiving full payment on their unsecured claims and Tyndall receiving nothing. Lastly, although Tyndall could have filed its amended claim sooner, there was no evidence presented to establish that it intentionally or negligently delayed in filing the amendment. Thus, the language of the confirmed plan and other equitable considerations favor allowance of Tyndall's amended claim.

## **CONCLUSION**

Based on the above, it is hereby ORDERED, ADJUDGED, AND DECREED that the Debtor's Objection to the Amended Proof of Claim filed by Tyndall Federal Credit Union is OVERRULED and the deficiency claim is allowed.

Dated: November 20, 2025.

JERRY OLDSHUE
CHIEF U.S. BANKRUPTCY JUDGE